**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**AMANDA MARIE LUMSDEN and RAYMOND EDWARD LUMSDEN,**

**Plaintiffs,**

**v.**

**DUSTIN REICHERT, individually; JOHN DOE, individually; and RAMSEY COUNTY,**

**Defendants.**

**Civil No. 00-3463 (JRT/SRN)**

**ORDER**

---

Frederick J. Goetz, Esq., on behalf of Plaintiffs Amanda Marie Lumsden and Raymond Edward Lumsden.

Earl P. Gray, on behalf of Defendant Dustin Reichert, waived appearance at the hearing.

Thomas E. Ring, Esq., Assistant Ramsey County Attorney, on behalf of Defendant Ramsey County.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 13, 2001, on a motion by Plaintiffs Amanda Marie Lumsden and Raymond Edward Lumsden

AUG 03 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for an order granting them leave to amend their Amended Complaint by identifying Defendant John Doe by his proper name, Matthew Schuster, and by adding him as a Defendant. The Plaintiffs bring this motion pursuant to Federal Rules of Civil Procedure 15, and have submitted a copy of their proposed Second Amended Complaint as required by Local Rule 15.1.

**A. Background**

Briefly stated, this is an action against two law enforcement officers under 42 U.S.C. § 1983. The events giving rise to this lawsuit occurred on January 3, 1998, when the Plaintiffs claim that Defendant Reichert, while in uniform and acting under the authority of his position as a Ramsey County Deputy Sheriff, unlawfully forced his way into the home of Amanda Marie Lumsden, (f/k/a Amanda Marie Miller), and Raymond Edward Lumsden. See Amended Complaint. Deputy Reichert was accompanied and assisted another Ramsey County Sheriff, Defendant John Doe. Id. Plaintiffs set forth in detail in their Amended Complaint the allegedly actionable errors and omissions of Defendant John Doe . Id.

The Plaintiffs now seek leave to amend their Amended Complaint by identifying John Doe by his proper name. The Plaintiffs submit that John Doe has been named as a Defendant since the inception of this litigation, and that the Defendants have always been aware of John Doe's identity. As such, the Plaintiffs argue that identifying John Doe by his proper name will not result

in any prejudice to the Defendants, and justice requires that their motion be granted.

Defendant Ramsey County opposes the Plaintiffs' motion, asserting that because the motion is untimely it must be analyzed first under the "good cause" standard of Fed. R. Civ. P. 16, and only if the Plaintiffs show good cause to amend should the Court's inquiry turn to whether the amendment is proper under Fed. R. Civ. P. 15. See Archer Daniels Midland Co. v. AON Risk Svcs., Inc., F.R.D. 578, 581 (D. Minn. 1999). Ramsey County argues that the Plaintiffs have failed to meet the good cause requirement of Rule 16(b) because the Plaintiffs have lacked diligence in pursuing the identity of Defendant John Doe.

Defendant Reichert joins in the County's opposition to the Plaintiffs' motion. See Letter to the Court from Earl P. Gray, Esq. dated June 12, 2001.

In response, the Plaintiffs point out that they served and filed their motion seeking leave to amend the Amended Complaint on May 15, 2001, in compliance with the Pretrial Scheduling Order in place in this matter. Indeed, the Pretrial Scheduling Order states that "all motions which seek to amend the pleading or add parties must be served by May 15, 2001." See the April 13, 2001, Pretrial Scheduling Order. Accordingly, the Plaintiffs argue, and this Court agrees, that Fed. R. Civ. P. 16(b) does not apply to this motion

since the motion to amend was not filed "substantially out of time." See In Re Milk Products Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999)(a trial court may properly require that good cause be shown for leave to file and amend pleading that is 'substantially out of time' with a scheduling order). While it is true that the Plaintiffs filed a Notice of Motion and Revised Motion to Amend the Complaint and Add Party (Doc. No. 12) on May 31, 2001, the purpose of the Revised Motion is simply to provide Defendant John Doe's name definitively as Matthew Schuster. The Revised Motion makes no substantive change to the Plaintiffs' original motion to amend, and is not "substantially out of time" with the May 15, 2001, amendment deadline contained in the Scheduling Order.

For these reasons, the Plaintiffs' motion seeking leave to amend their Amended Complaint will be analyzed purely under the standard set forth at Fed. R. Civ. P. 15(a).

Plaintiffs' counsel attests that he persistently attempted, informally, to learn John Doe's identity from Ramsey County before filing this motion. See Affidavit of Counsel, at ¶ 5. Counsel for Ramsey County indicated he would consider informal disclosure of John Doe's name and would let Plaintiffs' counsel know the County's position soon after the March 29, 2001, Rule 26(f) conference. Id. at ¶ 6. Plaintiffs' counsel believed it was likely that the County would release the identity of John Doe, that the County would not

oppose the anticipated motion to amend, and that this issue would proceed by way of stipulation. Id. However, this scenario did not come to pass and, instead, in its April 9, 2001, Rule 26(a)(1) disclosures, while the County identified individuals likely to have discoverable information, the County failed to identify the subject matter of the information possessed by any witness. Id. at ¶ 8, and Exhibit 2 thereto. Furthermore, in its initial disclosures, the County identified four individuals said to be employees of the Ramsey County Sheriff's Department. Id. at ¶ 9.

It was not until after April 15, 2001, that counsel for the County finally informed Plaintiffs' counsel that he would not disclose John Doe's identity absent a formal discovery request. Id. at ¶ 12. On April 23, 2001, Plaintiffs' counsel served formal discovery upon counsel for Defendants, with the first interrogatory asking for the identity of John Doe, and the cover letter accompanying the discovery demand requesting immediate identification of John Doe. Id. at ¶ 13, and Exhibit 3 thereto. Upon inquiry on May 1, 2001, counsel for the County informed Plaintiffs' counsel that he would not supply the information until the end of the 30-day period for answering discovery. Id. at ¶ 14.

## B. Discussion

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this

rule the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment
> . . ., the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if some prejudice would result to the adverse party if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied. Id.

The Eighth Circuit has found that leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F. 2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of

Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

In light of the liberal principles governing consideration of motions for leave to amend under Fed. R. Civ. P. 15(a), this Court grants the Plaintiffs' motion seeking leave to file and serve a Second Amended Complaint simply to identify Defendant John Doe by his proper name, Matthew Schuster, and to add Mr. Schuster as a Defendant. The Court finds the motion to be timely under the terms of the Pretrial Scheduling Order. Furthermore, the Court finds no undue delay, no bad faith or dilatory motive on the Plaintiffs' part, nor has there been a repeated failure to cure by amendment. Although Defendant John Doe's identity has just recently been disclosed to the Plaintiffs, the Defendants have known John Doe's identity all along. Despite this fact, Defendant Ramsey County failed to specifically identify John Doe in its Rule 26(a)(1)(A) disclosures, and would not even commit to identifying John Doe at the Rule 16 scheduling conference before this Court. Instead, Ramsey County expressed its wish to disclose John Doe's identity pursuant only to a formal discovery request.

The Plaintiffs have been exceedingly diligent in their quest to obtain John Doe's identity through both informal and formal means. There is no prejudice to the Defendants in allowing this simple amendment. Justice requires that the Plaintiffs be granted leave to file and serve their Second

Amended Complaint in the form attached to their Notice of Motion and Revised Motion to Amend Complaint and Add Party.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Plaintiffs' Motion to Amend Complaint and Add Party (Doc. No. 11), and the Plaintiffs' Revised Motion to Amend Complaint and Add Party (Doc. No. 12) are **GRANTED**. The Clerk of Court is authorized to file the Plaintiffs' Second Amended Complaint submitted with their Notice of Motion and Revised Motion to Amend Complaint and Add Party.

Dated: August 3, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500