**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Amanda Marie Lumsden, et al.,

Plaintiffs,

v.

Dustin A. Reichert, et al.,

Defendants.

Case No.: Civil 00-2463 (JNE/JGL)

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

---

Plaintiffs respectfully request that the Court instruct the Jury as follows.

Dated: November 2, 2004

s/David L. Garelick
David L. Garelick, #0285560
Larry B. Leventhal, #62534
Larry Leventhal & Associates
Suite 420–Sexton Bldg.
529 So. 7th Street
Minneapolis, MN 55415
(612) 333-5747

*Attorneys for Plaintiffs Amanda Lumsden and Raymond Lumsden*

## INSTRUCTION NO. 1

## GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions -- both those I give you now and those I give you latter -- are equally binding on you and must be followed.

This is a civil case brought by the Plaintiffs, Amanda Lumsden and Raymond Lumsden, against the Defendant, Dustin Reichert, who at the time of the incident that gave rise to Plaintiffs' lawsuit was a Reserve Deputy with the Lake and Trails Unit of the Ramsey County Sheriff's Department. The Plaintiffs are claiming that the Defendant violated their civil rights and caused them injuries by unreasonably and unlawfully entering their home, and that during the course of said unreasonable and unlawful entry, Defendant violated their rights to privacy and further subjected them to unreasonable force, search and seizure, in violation of the Constitution of the United States. Plaintiffs further claim that Defendant's actions were the direct cause of Plaintiff Amanda Lumsden's permanent foot injury and their attendant emotional distress. Former Reserve Deputy Reichert denies these claims.

It will be your duty to decide from the evidence whether the Plaintiffs are entitled to a verdict against the Defendant. From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you

must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 1.01**

**INSTRUCTION NO. 2**

**EVIDENCE; LIMITATIONS**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated -- that is, formally agreed to by the parties; and any facts that have been judicially noticed -- that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.
2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.
3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.
4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

[If Applicable] [Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I shall tell you when that occurs, and instruct you on the purposes for which the time can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room].

Finally, some of you may have heard the terms "direct evidence" and "circumstantial

evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct the circumstantial evidence.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 1.02 as adapted.**

**INSTRUCTION NO. 3**

**BENCH CONFERENCES AND RECESS**

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 1.03**

## INSTRUCTION NO. 4

## NO TRANSCRIPT AVAILABLE, NOTE-TAKING

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 1.04**

**INSTRUCTION NO. 5**

**CONDUCT OF THE JURY**

Finally, to insure fairness, you as jurors must obey the following rules:

*First,* do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third,* when you are outside the Courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth,* during the trial you shod not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit see you talking to a person from the other side -- even if it is simply to pass. the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass. in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth,* do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or

listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.

*Sixth,* do not do any research or make any investigation about the case on your own.

*Seventh,* do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 1.05**

**INSTRUCTION NO. 6**

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the Plaintiffs' attorney may make an opening statement. Next, the Defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Plaintiffs will then present evidence and counsel for the Defendant may cross-examine. Following the Plaintiffs' case, the Defendant may present evidence and Plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 1.06**

**INSTRUCTION NO. 7**

**DUTIES OF JURY: RECESSES**

We are about to take our first recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 2.01**

**INSTRUCTION NO. 8**

**EXPLANATORY**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 3.01**

## INSTRUCTION NO. 9

## JUDGE'S OPINION

Neither in these instruction nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

During this trial I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions related.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 3.02**

**INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at any earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 3.03**

**INSTRUCTION NO. 11**

**BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight or preponderance of the evidence. To prove something by the greater weight or preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight or preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 3.04**

**INSTRUCTION NO. 12**

**CONSTITUTIONAL RIGHTS**

Plaintiffs, Amanda Lumsden and Raymond Lumsden, bring this suit pursuant to the federal civil rights statute 42 U.S.C. §1983 (Section 1983). This statute is the basis for most suits in federal courts against local governments and state and local government officers to redress violations of federal law.

Section 1983 provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. Specifically, the text of this statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. §1983.

Plaintiffs' Section 1983 claims include their rights to be free from unreasonable force and search and seizure pursuant to the Fourth Amendment of the United States Constitution. Plaintiffs' Section 1983 claims also include their rights to privacy as guaranteed by the Fourteenth Amendment of the United States Constitution.

The Fourth Amendment to the United States Constitution provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourteenth Amendment to the United States Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

You are instructed as a matter of law that under the Constitution of the United States every citizen has the right to to be secure in his or her home or dwelling against unreasonable force, searches and seizures by an individual acting under color of law. Further, as a matter of law, every person has the Constitutional right not to have his or her privacy invaded by an individual acting under color of law.

In order to find Defendant liable for violating the constitutional rights of Plaintiffs, you must find that the conduct of causing permanent injury to Plaintiff Amanda Lumsden's foot, or that the conduct of causing the attendant emotional distress suffered by one or both of the Plaintiffs infringed upon the protected rights of one or both of the Plaintiffs.

**FEDERAL JURY PRACTICE AND INSTRUCTIONS, O'Malley, Grenig and Lee (5th ed.) ((Hereinafter "O'Malley & Grenig (5th ed.)"), sec. 165.10, as adapted.**

**INSTRUCTION NO. 13**

**DEFINITION: COLOR OF STATE LAW**
**42 U.S.C. § 1983**

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil 4.40**

## INSTRUCTION NO. 14

## USE OF EXCESSIVE FORCE

Your verdict must be for Plaintiffs and against Defendant on Plaintiffs' claim that Defendants used excessive force against them if all the following elements have been proved by the preponderance of the evidence:

*First*, Defendant entered the Plaintiffs' home without proper cause and utilized force therein against either or both Plaintiffs.

*Second*, the use of such force was unnecessary and/or excessive because it was not related to law enforcement purposes.

*Third*, as a direct result, one or both of the Plaintiffs was injured.

*Fourth*, Defendant was acting under color of state law.

In determining whether the force, if any, was unnecessary and/or excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted.

If any of the above elements have not been proven by the preponderance of the evidence, then your verdict must be for the Defendant.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil, 4.10**, as adapted.

**INSTRUCTION NO. 15**

**UNREASONABLE SEARCH**

Plaintiffs claim to have been subjected to an unreasonable search of their home. The Constitution protects every person against unreasonable searches. Ordinarily, this means that a search warrant must be obtained from a judicial officer such as a judge before any search of a home may be made.

**O'Malley and Grenig (5th ed.), sec. 165.22**

## INSTRUCTION NO. 16

## PROXIMATE CAUSE

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**O'Malley & Grenig (5th ed.), sec. 120.60**

**INSTRUCTION NO. 17**

**ACTUAL DAMAGES**

If you find in favor of the Plaintiffs, Amanda Lumsden and Raymond Lumsden, or either of them, then you must award each Plaintiff you find in favor of such sum as you find from a preponderance of the evidence which will fairly and justly compensate her or him for any actual damages you find that such Plaintiff sustained as a direct result of the conduct of the Defendant. Actual damages may include:

1. The physical pain and mental suffering, including, but not limited to, emotional pain, emotional distress, mental anguish, loss of enjoyment of life, that one or both of the Plaintiffs has experienced and is reasonably certain to experience in the future, the nature and extent of the injury, whether the injury is temporary or permanent, and whether any resulting disability is partial or total;

2. The reasonable value of the medical care and supplies reasonably needed by and actually provided to one or both of the Plaintiffs and that are reasonably certain to be needed and provided in the future.

You must remember throughout your deliberations that you must not engage in speculation, guesswork, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS-civil-5.32, as adapted.**

**INSTRUCTION NO. 18**

**42 U.S.C. § 1983 – NOMINAL DAMAGES**

If you find in favor of Plaintiff Amanda Lumsden as to the physical and emotional injuries she claims in this matter, but you find that Ms. Lumsden's damages have no monetary value, then you must return a verdict for Plaintiff Amanda Lumsden in the amount of One Dollar ($1.00).

Similarly, if you find in favor of Plaintiff Raymond Lumsden as to the emotional injuries he claims in this matter, but you find that Mr. Lumsden's damages have no monetary value, then you must return a verdict for Plaintiff Raymond Lumsden in the amount of One Dollar ($1.00).

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS-civil-5.33, as adapted.**

**INSTRUCTION NO. 19**

**42 U.S.C. § 1983--PUNITIVE DAMAGES**

In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiffs and against Defendant Reichert, and if you find by the preponderance of the evidence that the Defendant was callously indifferent to Plaintiffs' civil rights, then in addition to any other damages to which you find Plaintiffs entitled, you may, but are not required to, award Plaintiffs an additional amount as punitive damages if you find it is appropriate to punish the Defendant or to deter the Defendant and others from like conduct in the future. Whether to award Plaintiffs punitive damages and the amount of those damages are within your discretion.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS-Civil-5.34**

## INSTRUCTION NO. 20

## DAMAGES CLAIMED FOR PERSONAL INJURIES

Plaintiff Amanda Lumsden alleges that by reason of Plaintiff's claimed physical and emotional injuries proximately resulting from the actions of Defendant in this case, Plaintiff Amanda Lumsden has sustained damages. These allegations are not evidence, of course, but merely the extent of Plaintiff Amanda Lumsden's claims and must not be considered by you as evidence in the case.

If you find in favor of Plaintiff Amanda Lumsden, then you should award Plaintiff Amanda Lumsden such sum as you believe will fairly and justly compensate Plaintiff Amanda Lumsden for any damages you believe Plaintiff Amanda Lumsden sustained and is reasonably certain to sustain in the future as a direct result of the event mentioned in the evidence.

Similarly, Plaintiff Raymond Lumsden alleges that by reason of Plaintiff's claimed emotional injuries proximately resulting from the actions of Defendant in this case, Plaintiff Raymond Lumsden has sustained damages. These allegations are not evidence, of course, but merely the extent of Plaintiff Raymond Lumsden's claims and must not be considered by you as evidence in the case.

If you find in favor of Plaintiff Raymond Lumsden, then you should award Plaintiff Raymond Lumsden such sum as you believe will fairly and justly compensate Plaintiff Raymond Lumsden for any damages you believe Plaintiff Raymond Lumsden sustained as a direct result of the event mentioned in the evidence.

**O'Malley & Grenig (5th ed.), sec. 128.01, as adapted.**

**INSTRUCTION NO. 21**

**DAMAGES CLAIMED FOR INJURY, PAIN, DISABILITY, DISFIGUREMENT, LOSS OF CAPACITY FOR ENJOYMENT OF LIFE.**

If you find for Plaintiff Amanda Lumsden, you should compensate Plaintiff Amanda Lumsden for any bodily injury and any resulting pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life experienced in the past and that you find from the evidence that Plaintiff Amanda Lumsden is reasonably certain to suffer in the future from the injuries in question. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced.

In that respect it is not value you are trying to determine, but an amount that will fairly compensate Plaintiff Amanda Lumsden for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence.

Likewise, if you find for Plaintiff Raymond Lumsden, you should compensate him for any resulting emotional pain and suffering that he has experienced in the past.

**O'Malley & Grenig (5th ed.), sec. 128.02, as adapted**.

**INSTRUCTION NO. 22**

**MEDICAL EXPENSES**

If your verdict is for Plaintiff Amanda Lumsden, it should include the reasonable value or expense of any hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff Amanda Lumsden in the past or to be so obtained in the future.

**O'Malley & Grenig (5th ed.), sec. 128.10**

**INSTRUCTION NO. 23**

**LIFE EXPECTANCY–TABLE OF MORTALITY**

The standard table of mortality that the court has judicially noticed and received in evidence in this case may be considered by you in determining how long the claimant may be expected to live. According to the table of mortality, the life expectancy in this country of a female person of 25 years of age is 59.64 years.[1]

Life expectancy, as shown by the mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex. That estimate is based upon a limited record of experience. The inference that may reasonably be drawn from life expectancy as shown by the table applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining, the reasonably certain life expectancy of Plaintiff Amanda Lumsden, you should consider, in addition to what is shown by the mortality table, all other facts and circumstances in evidence in the case bearing upon the life expectancy of Plaintiff Amanda Lumsden, including plaintiff's occupation, habits, past health record and present state of health.

**O'Malley & Grenig (5th ed.), sec. 128.21**

---

[1] Mortality Tables, 1983 Individual Annuity Table, Minnesota Statutes Annotated, Volume 43A.

**INSTRUCTION NO. 24**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First,* when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussions persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth form the evidence in the case.

*Third,* if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court Remember that you should not tell anyone -- including me -- how your votes stand numerically.

*Fourth,* your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is

intended to suggest what your verdict should be -- that is entirely for you to decide.

*Finally,* the verdict form is simply the written notice of the decision that you reach in this case. The form reads: (read form). You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.

**Eighth Circuit Manual of MODEL JURY INSTRUCTIONS - Civil - 3.06**

**INSTRUCTION NO. 25**

**DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must decide each case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**O'Malley & Grenig (5th ed.), sec. 106.01**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Amanda Marie Lumsden, et al.

Plaintiffs,

v.

Dustin A. Reichart, et al.

Defendants.

Case No.: CIVIL 00-2463 (JNE/JGL)

**PLAINTIFFS' VERDICT FORM**

---

1. On the claims of Plaintiff Amanda Marie Lumsden against defendant Dustin A. Reichert for violation of 42 U.S.C. 1983, we the undersigned jurors, find in favor of (check one)

☐ Plaintiff Amanda Marie Lumsden, or

☐ Defendant Dustin A. Reichert

Note: Complete paragraph 2 only if the above finding is in favor of Plaintiff Amanda Marie Lumsden.

2. You may not award punitive damages against Defendant Dustin A. Reichert unless you have first found against that Defendant, Dustin A. Reichert, and awarded Plaintiff Amanda Marie Lumsden nominal or actual damages.

We, the undersigned jurors, assess punitive damages in the amount of $______________________________. (Fill in amount if awarded.)

3. On the claims of Plaintiff Raymond Edward Lumsden against Defendant Dustin A. Reichert for violation of 42 U.S.C. 1983, we the undersigned jurors, find in favor of (check one)

☐ Plaintiff Raymond Edward Lumsden, or

☐ Defendant Dustin A. Reichert

Note: Complete paragraph 4 only if the above finding is in favor of Plaintiff Raymond Edward Lumsden.

4. You may not award punitive damages against Defendant Dustin A. Reichert unless you have first found against that Defendant, Dustin A. Reichert, and awarded Plaintiff Raymond Edward Lumsden nominal or actual damages.

We, the undersigned jurors, assess punitive damages in the amount of

$______________________________. (Fill in amount if awarded.)

DATED ______________

______________________________
Jury Foreperson